IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **CIVIL ACTION 07-0241-WS** |
| ) | |
| **REGINALD CARTER,** ) | **CRIMINAL NO. 05-0263-WS** |
| ) | |
| **Defendant.** ) | |

**ORDER**

This matter is before the Court on petitioner Reginald Carter's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. 74). Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the undersigned has conducted an initial review of the Petition. Because it plainly appears from such examination that Carter is not entitled to relief, the Court enters the following Order at this time, without directing a formal response by the Government.

On October 27, 2005, a grand jury sitting in the Southern District of Alabama handed down a two-count Superseding Indictment (doc. 21) charging Carter and a co-defendant with conspiracy to possess with intent to distribute approximately one kilogram of cocaine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2, as well as possession with intent to distribute approximately one kilogram of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The Superseding Indictment charged that the quantity involved exceeded 500 grams of a mixture and substance containing a detectable amount of cocaine, thereby exposing defendants to the penalty provisions of 21 U.S.C. § 841(b)(1)(B).

On November 14, 2005, Carter entered a plea of guilty with respect to the conspiracy count, pursuant to a written plea agreement with the Government. A sentencing hearing was conducted on March 31, 2006, at which time the undersigned sentenced Carter to a high-end Guidelines sentence consisting of a term of imprisonment of 151 months, to be followed by a four-year term of supervised release. At the hearing, the Court expressly noted that the range of penalties produced by the Sentencing Guidelines calculations was advisory, rather than

mandatory. (Doc. 68, at 58.) Ten days later, Carter's court-appointed attorney timely filed a Notice of Appeal (doc. 63) of petitioner's conviction and sentence to the United States Court of Appeals for the Eleventh Circuit. On September 13, 2006, the Eleventh Circuit dismissed Carter's appeal pursuant to the appeal waiver included in his plea agreement. (Doc. 72.) The instant petition for postconviction relief followed.

In his § 2255 petition, Carter identifies two grounds for relief, both of which are facially devoid of merit. First, he asserts, "counsel was constitutionally ineffective for failing to file a 'notice of appeal' or a 'direct appeal'." (Petition, at 4.) Elaborating on this claim, Carter contends that he instructed counsel to file a direct appeal on his behalf but that "counsel choose to deceive the defendant by telling him that he had waived his right to appeal his sentence, and did not file his appeal, as requested." (*Id.*) This ground for relief is counterfactual. The court file unequivocally reflects that Carter's attorney did file a Notice of Appeal on his behalf and did pursue a direct appeal of his conviction and sentence at the Eleventh Circuit, which ultimately dismissed the appeal because Carter was deemed to have waived the issues from which appeal was taken via the appeal waiver in his plea agreement. Petitioner's counsel obviously did file and pursue a direct appeal on his behalf; therefore, Carter's assertion in his § 2255 petition that counsel disregarded his explicit request to file a notice of appeal is clearly inaccurate.

As his second ground for relief under § 2255, Carter maintains that this Court committed clear error at sentencing by "impermissibly enhanc[ing] the defendant's sentence above the guideline maximum, based on judge found facts not admitted to by the defendant, nor was the enhancing facts proven by the government beyond a reasonable doubt nor found beyond a reasonable doubt by the district court." (Petition, at 4.) The law is clear that, in the post-*Booker* world, a sentencing court "may still make findings of fact (so long as the judicial factfinding does not increase the defendant's sentence beyond the statutory maximum triggered by the facts conceded or found by a jury beyond a reasonable doubt)." *United States v. Hunt*, 459 F.3d 1180, 1182 (11th Cir. 2006); *see also United States v. Smith*, --- F.3d ----, 2007 WL 803193, *3 (11th Cir. Mar. 19, 2007) ("When the district court applies the Guidelines in an advisory manner, nothing in *Booker* prohibits district courts from making, under a preponderance-of-the-evidence standard, additional factual findings that go beyond a defendant's admissions."); *United States v. Chau*, 426 F.3d 1318, 1324 (11th Cir. 2005) (explaining that, post-*Booker*, a district court may

properly find facts at sentencing by a preponderance of the evidence, even if such facts go beyond the letter of those which the defendant admitted by pleaded guilty, so long as the Sentencing Guidelines are applied in an advisory way). Petitioner was sentenced well below the applicable statutory maximum triggered by the facts he admitted in his guilty plea and the undersigned explicitly applied the Sentencing Guidelines as advisory pursuant to *Booker*; therefore, his contention that this Court erred in enhancing his sentence based on facts to which Carter did not admit and which the Government did not prove beyond a reasonable doubt must fail, as a matter of law.

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court is obliged to conduct a preliminary review of every § 2255 petition that is filed. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b). That is precisely the case here. Accordingly, Carter's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. 74) is hereby **dismissed with prejudice**. A separate judgment will enter.

DONE and ORDERED this 10th day of April, 2007.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE