IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **CRIMINAL NO. 05-0263-WS** |
| ) | |
| **REGINALD CARTER,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

This matter comes before the Court on defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (doc. 93).

Effective November 1, 2014, the United States Sentencing Commission enacted Amendment 782 to the United States Sentencing Guidelines. In general, and with certain exceptions, this Amendment (also known as the "2014 Drug Guidelines Amendment") revises the guidelines applicable to drug trafficking offenses by reducing by two the base offense levels assigned to particular drug quantities. The Commission has deemed Amendment 782 to apply retroactively, subject to certain limitations.

Pursuant to 18 U.S.C. § 3582(c)(2), defendant, Reginald Carter, appears eligible for a sentence reduction upon retroactive application of the 2014 Drug Guidelines Amendment. Indeed, U.S. Probation Office calculations prepared on March 31, 2015 (*see* doc. 95) reflect that Carter is eligible for a two-level reduction in his base offense level pursuant to Amendment 782, as a result of which his guideline range would fall to 97 to 121 months (rather than the 121 to 151 months applied at his original sentencing hearing). If the Court were to impose a comparable high-end sentence, then Carter's sentence would be reduced from 151 months to 121 months.

Notwithstanding the foregoing, it is critically important to recognize that sentencing relief under § 3582(c)(2) is discretionary, not mandatory. *See, e.g., United States v. Williams*, 557 F.3d 1254, 1257 (11th Cir. 2009) (district court's "decision whether to reduce the defendant's sentence, and to what extent, remains discretionary"). In exercising that discretion, courts must consider the factors recited in 18 U.S.C. § 3553(a), as well as "the nature and seriousness of the

danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and "may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment." U.S.S.G. § 1B1.10, Application Note 1(B)(i)-(iii); *see also United States v. Smith*, 568 F.3d 923, 928 (11th Cir. 2009) (after recalculating eligible defendant's guideline range, "the district court must decide whether, in its discretion, to retain the original sentence or re-sentence the defendant under the amended guideline range after it has considered the sentencing factors listed in 18 U.S.C. § 3553(a), as well as public safety considerations, and … the defendant's post-sentencing conduct.") (citations and internal quotation marks omitted).

Information furnished by the U.S. Probation Office concerning Carter's post-sentencing conduct weighs heavily against his request for sentence reduction. In particular, the Probation Office reported that, between May 13, 2008 and June 8, 2014, Carter committed numerous serious disciplinary infractions in prison, including (among many others) the following: engaging in sexual acts (five infractions), indecent exposure, gambling (two infractions), disruptive conduct, assaulting without serious injury (two infractions), threatening bodily harm, being insolent to a staff member (two infractions), and possessing a dangerous weapon. In deference to considerations of fairness and due process, "each party must be given notice and an opportunity to contest new information relied on by the district court in a § 3582(c)(2) proceeding." *United States v. Jules*, 595 F.3d 1239, 1245 (11th Cir. 2010). On that basis, the undersigned issued a Show Cause Order (doc. 96) on April 3, 2015. That Show Cause Order gave formal notice to Carter of the above-described prison disciplinary information and the Court's intent to rely on same in adjudicating his pending § 3582(c)(2) Motion. The Show Cause Order further provided as follows:

> "Should Carter wish to contest this information, he must file written objections with the Clerk of Court …. More generally, Carter is **ordered** to **show cause** … why his Motion for Reduction of Sentence should not be denied based on his post-sentencing conduct and the concomitant concerns regarding public safety if his sentence were reduced."

(Doc. 96, at 2.)

Carter has now filed his Response (doc. 100) to the April 3 Show Cause Order. In that Response, Carter acknowledges having committed the above-described disciplinary infractions and concedes that this is "reprehensible conduct" that "may bring about public safety concerns." (Doc. 100, at 2.) Nonetheless, Carter urges the Court not to hold his prison discipline record

against him in adjudicating his § 3582(c)(2) Motion because he has learned from his mistakes and is making sincere efforts to change his ways. With regard to his violent conduct in prison, Carter explains that he has had no such infractions in five years and has learned not to be combative with others in prison. With regard to certain of his sexual misconduct, Carter describes these acts as natural and/or unintentional. With regard to his gambling infractions, Carter indicates that he is "working on overcoming that vice." (Doc. 100, at 4.) Carter also shows that, just nine days ago, he entered into a written Agreement to Participate in a Bureau of Prisons Residential Drug Abuse Treatment Program. Finally, Carter submits a printout of the prison education courses in which he has participated over the last eight years.

The Court has carefully considered all of the information before it pertaining to the sentencing factors listed in 18 U.S.C. § 3553(a), public safety considerations, and Carter's post-sentencing conduct. The Court has given due consideration to Carter's extensive and worrisome prison disciplinary record, his explanations and responses to same, and his limited evidence of positive involvement in prison programs. The Court has also considered the Government's recommendation that this Court deny § 3582(c)(2) relief to Carter "in light of his atrocious prison disciplinary history," which the Government construes as demonstrating "that Carter has not reformed his behavior" and that denial is warranted "to protect the public." (Doc. 99, at 5-6.)

Upon consideration of all evidence and information before it relating to the § 3553(a) factors, public safety considerations, and Carter's post-sentencing conduct, the undersigned exercises its discretion to retain the original sentence imposed in this case. This determination is based on the Court's assessment of the nature and seriousness of the danger to the community that may be posed by a reduction in the defendant's term of imprisonment. Accordingly, the Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (doc. 93) is **DENIED**.

DONE and ORDERED this 22nd day of May, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE